UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80316-CIV-MARRA

In re:

MELANIE H. CABOT,

Debtor.
_____/

BOB MURPHY and SUSAN BACH,

Creditors/Appellants,

v.

MICHAEL R. BAKST,

Trustees/Appellee.

_____/

**OPINION AND ORDER**

This cause is before the Court on appeal by Bob Murphy and Susan Bach ("Appellants" "Creditors"), of the Order and the accompanying Opinion of Chief Bankruptcy Judge Paul G. Hyman, entered on January 19, 2011. The Court has carefully considered the appeal, the briefs of Appellants and Michael R. Bakst ("Appellee" "Trustee"), the entire record on appeal, and is otherwise fully advised in the premises.

I. Background

The facts, based upon the parties' respective statement of facts in their appellate briefs and the appellate record, are as follows:

On August 27, 2007, this action commenced by the filing of a voluntary Chapter 7 bankruptcy petition in case number 07-16853-BKC-PGH. Appellee in this action was appointed

as the Chapter 7 Trustee and the Appellants are two of the creditors of the estate of Debtor, Melanie Cabot ("Cabot" "Debtor").  (Trustee's statement of facts at 1.)

On February 19, 2010, the Creditors filed a motion to approve substantial contribution fees, administrative fees and professional fees and an interim fee application. (Trustee's statement of facts at 3; DE 2-7.)   The Creditors requested reimbursement for an amount of fees totaling $61,591.20.  (Trustee's statement of facts at 3; DE 2-7.)   Specifically, the Creditors requested these fees for 747.47 hours worked. (Trustee's statement of facts at 3; DE 2-7.)  The Creditors also requested legal fees for services performed by the Creditors' attorneys and the Creditors' individually. (Trustee's statement of facts at 3; DE 2-7)

The Bankruptcy Court held an evidentiary hearing on the Creditors' motion on December 10, 2010. (DE 3.)   The Bankruptcy Court sustained an objection to evidence concerning the Creditors' expenditure of their personal time based upon a finding that the Creditors are not professionals employed by either the creditors' committee, the Trustee or the Debtor, and based upon the Creditors' failure to file an application to be employed. (DE 3 at 14.)   The Bankruptcy Court did permit the Creditors to present evidence on their actual expenses and the attorney's fees. (DE 3 at 15.)   Specifically, the Bankruptcy Court permitted the Creditors to admit into evidence the following: (1) the cover sheet of a December 12, 2007 deposition entitled "Melanie H. Cabot Creditor's Hearing;" (2) the cover sheet of a January 25, 2008 deposition of Melanie H. Cabot; (3) an email from the Creditors' counsel's assistant which states "Per attorney Christianson's request, please find attached a Subpoena and Re-Notice of Examination for Skinner, Inc.  Have a great day!;" (4) an email from Creditor Murphy to Creditors' counsel which references files attached to that email; (5) a document entitled "Creditors' Notice of Filing

Debtor's December 12 Deposition and Rule 2004 Examination Transcript in Further Support of Response in Opposition to Debtor's Motion to Dismiss" and a cover sheet of the December 12, 2008 deposition and bankruptcy rule 2004 examination duces tecum of Melanie Cabot and (6) checks for payment of legal services.[1] (DE 3 at 20-29, Ex. 172-176, 186(i) and (j) attached to DE 15.)

In rejecting the Creditors' request for entitlement to reimbursement for personal expenses and legal fees, the Bankruptcy Court concluded that the Creditors' participation in the case did not substantially contribute to the results of the discharge and fraudulent transfer actions. Specifically, the Bankruptcy Court stated:

> There's been no evidence at all introduced on that issue, other than they had attorneys who appeared at a 341 meeting and some other court proceedings, and some - - they introduced some evidence of e-mails that would reference subpoenas, but it does not show any benefit at all, much less essential and useful benefits or substantially beneficial to the estate.
>
> They seek $5,840.88, according to their application, for expenses. They have not submitted any - - let's say there's no evidence before the Court concerning those actual expenses or how they benefitted the estate at all, whatever level of benefit that the Court - - whatever standard of benefit the Court would apply.
> . . .
>
> Section 503 provides for allowance of administrative expenses and actually award individual creditors actual expenses, if - - and attorneys' fees, if there is a benefit to the estate. There's been no evidence of any benefit whatsoever.
>
> I will also add as to professionals under 503(b), the professionals were required to attain Court approval prior to their performing services if they wished to perform services that would benefit the estate, and they did not do so. I will also add there is no request by the attorneys for any sort of nunc pro tunc approval of their services after they performed the services, and, therefore, they are not entitled to compensation for the services they

---

[1] The Bankruptcy Court sustained a hearsay objection to the admission of records which included bills by attorneys that purported to show the work performed for the benefit of the estate. The basis for the Court's ruling was that the Creditors did not have any of the attorneys present to testify at the evidentiary hearing. (DE 3 at 26-28.)

performed, absent a court order and/or any benefit whatsoever to the estate.

Likewise, again, there was no evidence whatsoever concerning the actual expenses incurred or that those expenses benefitted the estate at all, so based on the evidence before me, I will deny the application.

(DE 3 at 31-33.)

On January 19, 2011, the Bankruptcy Court entered an Order denying the Creditors' Motions for Compensation. (DE 1.)

II. Legal Standard

The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*. In re Globe Manufacturing Corp., 567 F.3d 1291, 1296 (11th Cir. 2009); In re Club Assoc., 951 F.2d 1223, 1228-29 (11th Cir. 1992). "[A] bankruptcy judge's discretion in awarding compensation for services performed during bankruptcy proceedings deserves great deference." In re Prince, 40 F.3d 356, 359 (11th Cir. 1994).

III. Discussion

The controlling provisions of the Bankruptcy Code follow in pertinent part:

**Section 503. Allowance of administrative expenses**
(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including - -
(1)(A) the actual, necessary costs and expenses of preserving the estate . . .
(2) compensation and reimbursement awarded under section 330(a) of this title;
(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by –
(B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor;

**Section 330. Compensation of officers**
(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103--

4

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
(B) reimbursement for actual, necessary expenses.

**Section 327. Employment of professional persons**
(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

**Section 1103. Powers and duties of committees**
a) At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

With respect to the motion for professional fees for the expenditure of the Creditors' personal time, the Court finds that the Bankruptcy Court did not abuse its discretion by finding that the Creditors were not professionals under section 330. The record is devoid of any evidence that the Creditors were employed by either the creditors' committee, the Trustee or the Debtor. Significantly, the Creditors do not dispute this fact. The lack of authorization by the bankruptcy court precludes the payment of fees under section 330 for the Creditors' expenditures of personal time. See In re Grabill Corp., 983 F.2d 773, 777-78 (7th Cir. 1993) (employment under section 327(a) is a condition precedent to compensation under section 330); In re Shirley, 134 B.R. 940, 944 (B.A.P. 9th Cir. 1992) (failure to receive court approval for employment of a professional precludes the payment of fees); In re Fleming Cos., Inc., 305 B.R. 389 (Bankr. D. Del. 2004) citing In re Arkansas, 798 F.2d 645, 648 (3d Cir.1986) (prior approval ensures that the court knows the type of professional engaged, its integrity, its experience with this type of

work and its competency).

Nor did the Bankruptcy Court err in finding that fees were not awardable under section 503.  Under section 503(b)(3)(B), the Creditors were required to seek prior court approval for any actual, necessary expenses and the record is devoid of any evidence on this point.  See In re Morad, 328 B.R. 264, 270 (B.A.P. 1st Cir. 2005); In re Hall, 373 B.R. 788 (Bankr. S.D. Ga. 2006); In re Johnson, 72 B.R. 115, 118 (Bankr. E.D.N.C. 1987); In re Monahan, 73 B.R. 543, 544 (S.D. Fla. 1987); In re George, 23 B.R. 686, 686 (S.D. Fla. 1982).

Likewise, the Bankruptcy Court did not err in concluding that the Creditors were not entitled to compensation under section 503(b)(1)(A).  Significantly, the record does not contain any evidence that any actions taken by the Creditors were actual and necessary to the preservation of the estate.  The evidence showed nothing more than use by the Creditors of attorneys and communication between the Creditors and their attorneys, but no evidence that the estate benefitted from the Creditors' actions.  (Ex. 172-176, 186(i) and (j) attached to DE 15.)

With respect to the Creditors' request for attorney's fees, the Bankruptcy Court properly denied the request.  As with the Creditors' request for professional fees, the Creditors failed to obtain pre-approval from the Court as required under sections 330 and 503(b).  Moreover, the evidence presented at the hearing failed to demonstrate that the services rendered by their attorneys benefitted the estate.  Indeed, while the Bankruptcy Court permitted the admission of evidence showing that the Creditors were represented during the bankruptcy proceeding, there was no evidence or testimony from the attorneys which identified work performed for the benefit of the estate.  While it is true that the Bankruptcy Court chose to exclude bills generated from the Creditors' attorneys on the basis of hearsay objections, these types of evidentiary determinations

are well within the Bankruptcy Court's discretion.  See In re Lickman, 273 B.R. 691, 704 (Bankr. M.D. Fla. 2002).

In arguing for reversal, the Creditors devote the majority of their argument to reasons why the Bankruptcy Court ought to have ruled that they were entitled to compensation based on the work they contend they performed in this case.  In making that argument, the Creditors highlight evidence that was not before the Bankruptcy Court.  Notably, the Creditors do not argue that the Bankruptcy Court erroneously excluded evidence.  Even if the Creditors were to make such an argument, any such evidentiary ruling would be reviewed under an abuse of discretion standard and found to be wanting.  Haygood v. Auto-Owners Ins. Co., 995 F.2d 1512, 1515 (11th Cir. 1993); see In re Red Carpet Corp. of Panama City Beach, 902 F.2d 883, 890 (11th Cir. 1990) ("An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous.")  Moreover, it was the Creditors' burden to provide admissible evidence in support of their motion, which they failed to do.[2]  See In Re Fulwood Enterprises, Inc., 149 B.R. 712, 715 (Bankr. M.D. Fla. 1993) ("It needs no elaborate discussion that the burden of proof is on the party who is claiming the administrative expense").

For the foregoing reasons, the Court finds that the Bankruptcy Court did not err in denying the Creditors' Motions for Compensation.

---

[2] The Creditors attach to their initial brief what appears to be excerpts from emails between the Creditors, the Trustee and the U.S. Trustee.  There is no indication that these emails were part of the record below.  Therefore, this addendum to the initial brief is stricken.  See Gary v. Georgia Dept. of Human Resources, 206 Fed. Appx. 849, 850 n.1 (11th Cir. 2006).

V.  Conclusion

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that the decision on appeal of Bankruptcy Judge Paul G. Hyman is **AFFIRMED**.  This case is **CLOSED**, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 30th day of August, 2011.

_____
KENNETH A.  MARRA
United States District Judge